# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

BRYANT S. FLORIE, )
)
                Plaintiff, )
)
v. )     No. CIV 10-078-FHS-SPS
)
HOUSTON YEAGER, et al., )
)
                Defendants. )

## OPINION AND ORDER

This action is before the court on plaintiff's motion for punitive damages against the only remaining defendant, Chelsei Ray Sawyer [Docket No. 38]. Defendants Houston Yeager, Linda Evans, and Chris Ross were voluntarily dismissed without prejudice on November 17, 2010 [Docket No. 46]. On January 4, 2011, plaintiff was directed to show cause why this action should not be dismissed for his failure to prosecute Defendant Sawyer [Docket No. 49]. Plaintiff's response to the order alleges Defendant Sawyer is pro se and is responsible for notifying the court of any changes in her status [Docket No. 51]. He also claims she is attempting to flee from justice, but should be held accountable for her actions.

Plaintiff alleges in his complaint and his motion that Defendant Sawyer kidnapped and shot him on Thanksgiving Day of 2009, as part of a murder conspiracy with Defendant Sheriff Houston Yeager. Plaintiff further claims that after Defendant Sawyer and others gave written statements, Sheriff Yeager tore up the statements and told them to get their stories straight. Plaintiff contends Defendant Sawyer is a "tool & scapegoat in concert with Houston Yeager" [Docket No. 1 at 3]. Plaintiff, however, specifically asserts Ms. Sawyer was not acting under the color of state law at the time the claims alleged in the complaint arose. *Id.*

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

Private parties who conspire with public officials to violate constitutional rights are not automatically immune from suit. *Wyatt v. Cole*, 504 U.S. 158, 168-69 (1992). *See also Warner v. Grand County*, 57 F.3d 962 (10th Cir. 1995). To prevail on a conspiracy claim, plaintiff "must specifically present facts showing agreement and concerted action." *Hammond v. Bales*, 843 F.2d 1320, 1323 (10th Cir. 1988). "Conclusory allegations without supporting facts are insufficient." *Id*. (citations omitted).

The court has carefully reviewed the record and construes plaintiff's pleadings liberally. *Haines v. Kerner*, 404 U.S. 519 (1972). The court, however, finds plaintiff has not presented sufficient facts to show Defendant Sawyer acted under color of state law, as required by 42 U.S.C. § 1983. The court further finds plaintiff's allegations against Ms. Sawyer do not present a sufficient basis for inferring a conspiracy with law enforcement officials. Therefore, she is dismissed without prejudice from this action for lack of subject-matter jurisdiction.

**ACCORDINGLY,** this action is, in all respects, DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED this 8th day of March, 2011.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma